**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS PERALTA CRUZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 1:24-cv-00263-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO RANDOMLY ASSIGN THIS MATTER TO A DISTRICT JUDGE<br><br>(ECF No. 7)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

Currently before the Court is Defendant Ford Motor Company's ("Defendant") motion to dismiss Plaintiffs Nicolas Peralta Cruz and Jennifer Lopez's (collectively, "Plaintiffs") first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the doctrine of res judicata.

Following amendment of the Local Rules effective March 1, 2022, a certain percentage of civil cases shall be directly assigned to a Magistrate Judge only, with consent or declination of consent forms due within 90 days from the date of filing of the action. L.R. App. A(m)(1). This action has been directly assigned to a Magistrate Judge only. Not all parties have appeared or

1

1  filed consent or declination of consent forms in this action. Pursuant to 28 U.S.C. §
2  636(b)(1)(B), Local Rule 302(c)(7), and Local Rule Appendix A, subsection (m), the Court shall
3  direct the Clerk of the Court to assign a District Judge to this action and the Court shall issue
4  findings and recommendations as to the pending motion to dismiss.

5      Finding the matter suitable for decision without oral argument pursuant to Local Rule
6  230(g), the Court vacated the hearing set for July 2, 2024 and took the matter under submission.
7  (ECF No. 15.) Having considered the moving, opposition, and reply papers, and the Court's
8  record, the Court recommends that Defendant's motion to dismiss be granted without leave to
9  amend.

## II.

## BACKGROUND

### A. Factual background

13      On September 30, 2018, Plaintiffs purchased a new 2018 Ford Explorer, VIN number
14  1FM5K7D87JGC42121 ("the Subject Vehicle"). (First Amended Compl. ("FAC"), ECF No. 4 ¶
15  2.) Defendant manufactured the Subject Vehicle and provided written warranties to preserve or
16  maintain the utility or performance or to provide compensation if there was a failure in such
17  utility or performance. (Id. ¶¶ 4, 9.) Plaintiffs allege the Subject Vehicle was delivered to
18  Plaintiffs with serious defects and nonconformities to warranty and developed other defects and
19  nonconformities to the engine, transmission, electrical, and structural system. (Id. ¶ 5.)

20      Between November 26, 2019 and August 25, 2021, Plaintiffs presented the Subject
21  Vehicle to Defendant's authorized repair facility seven times for faulty structural, engine, or
22  transmission systems. (FAC ¶¶ 12-19.) Plaintiffs allege none of the repair attempts successfully
23  repaired the Subject Vehicle. (Id.)

### B. State Court Proceedings

25      Based on the Subject Vehicle's defects and nonconformities to Defendant's warranty,
26  Plaintiffs filed a complaint in the Superior Court of the State of California, County of Merced,
27  Case No. 21CV-03215 ("State Action") against Defendant on September 15, 2021. (Declaration
28  of Brian C. Vanderhoof Supp. Def.'s Mot. ("Vanderhoof Decl."), ECF No. 7-2 at 6, ¶ 4.)

Plaintiffs alleged three claims for violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly"): (1) breach of express warranty; (2) breach of implied warranty; and (3) violation of California Civil Code § 1793.2(b). Plaintiffs prayed for damages, rescission of the purchase contract, restitution, civil penalties, interest, attorney's fees, and costs. (Id. at 12, ¶ 10.)

On March 11, 2024, following an order to show cause regarding dismissal, the State Court dismissed the State Action in its entirety with prejudice on the Court's own motion and in consideration of Defendant's motion in support of dismissal. (ECF No. 7-2 at 18.) Pursuant to the March 11, 2024 order "[d]ismissing the subject matter [w]ith [p]rejudice," judgment in the State Action was entered in favor of Defendant on April 2, 2024. (Id. at 16.) On April 10, 2024, Defendant served Plaintiffs with a notice of entry of judgment. (Id. at 14.)

### C. Federal Action

On February 29, 2024, Plaintiff initiated a federal action by filing a complaint against Defendant alleging the same three claims for violations of the Song-Beverly Act as those filed in the State Action: (1) breach of express warranty; (2) breach of implied warranty; and (3) breach of section 1793.2. (ECF No. 1.) The claims stem from Plaintiffs' purchase of the same Subject Vehicle on September 30, 2018. (Id. at ¶ 2.) Identical to the complaint filed in the State Action, Plaintiffs alleged that the "causes of action arise out of warranty and repair obligations of Ford Motor Company in connection with a vehicle that Plaintiffs purchased and for which Ford Motor Company issued a written warranty." (Compare id. at ¶ 1 with ECF No. 7-2 at 6, ¶ 4.)

On April 9, 2024, Plaintiffs filed the operative FAC, which alleged the same claims as the initial complaint and added a claim for violation of the Magnuson-Moss Warranty Act ("Magnuson Moss"). (FAC ¶¶ 72-81.) Therein, Plaintiffs re-alleged that the claims "arise out of the warranty obligations of Ford Motor Company, in connection with a vehicle purchased by Plaintiffs and for which Ford Motor Company issued a written warranty." (FAC ¶ 1.) Plaintiffs pray for damages, rescission of the purchase contract, restitution, civil penalties, interest, attorney's fees, and costs. (FAC at 14.)

On May 29, 2024, Defendant filed the instant motion to dismiss the FAC with prejudice pursuant to Rule 12(b)(6) and the doctrine of res judicata. (Def.'s Mot. Dismiss ("Mot."), ECF

3

No. 7-1.)  Defendant filed a declaration by counsel (ECF No. 7-2) and a request for judicial notice in support of the motion  (Def.'s Req. Jud. Not. ("RJN"), ECF No. 8).  Plaintiffs filed their opposition on June 12, 2024.  (Pl's Opp'n Mot. ("Opp'n"), ECF No. 12.)  On June 18, 2024, Defendant filed its reply (Def.'s Reply Pl.'s Opp'n ("Reply"), ECF No. 14).

## III.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed under Rule 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. SmileCare Dental Grp/ v. Delta Dental Plan of California, Inc., 88 F.3d 780, 783 (9th Cir. 1996).  In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

A defendant may raise the affirmative defense of res judicata by a motion to dismiss under Rule 12(b)(6). Halajian v. City of Fresno, No. 1:10-CV-1358-AWI-DLB, 2011 WL 489598, at *2 (E.D. Cal. Feb. 7, 2011), aff'd, 478 F. App'x 474 (9th Cir. 2012) (citing Scott v. Kuhlman, 746 F.2d 1377, 1378 (9th Cir. 1984)).  "If, in evaluating a motion to dismiss on res judicata grounds, disputed issues of fact are raised, the defense cannot be resolved." Takahashi v. Farmers Ins. Group–Merced Office, No. 09–CV–01668-OWW-SMS, 2010 WL 842723, at *3 (E.D. Cal. Mar. 10, 2010) (citing Scott, 746 F.2d at 1378).  However, "dismissal can be ordered based upon the principle of res judicata when the elements are established by the text of the complaint and judicially noticeable facts." Volpe v. JP Morgan Chase Bank, No. 8:22-CV-01054-JWH-DFM, 2023 WL 8604201, at *3 (C.D. Cal. Oct. 30, 2023); see also Vahora v. Valley Diagnostic Lab'y Inc., No. 1:19-CV-00912 DAD SKO, 2020 WL 1061470, at *4 (E.D. Cal. Mar. 5, 2020) (finding no disputed issues of fact are presented "where a defendant argues

4

that an action is barred on res judicata grounds based solely on the complaint in the subsequent case and the record in the prior case").

## IV.

## DISCUSSION

Defendant avers Plaintiffs' first three claims for violation of the Song-Beverly Act are identical to those dismissed with prejudice in the State Action. Defendant further contends that Plaintiffs' Magnuson Moss claim could have been raised in the State Action because the basis for the claim arises out of the same transactional nucleus of facts, a final judgment on the merits in the State Action was entered on April 2, 2024, and the parties in each action are identical. Thus, Defendant argues the FAC is barred by the doctrine of res judicata and should be dismissed.

Plaintiffs do not contest the dismissal of their first three claims in the FAC for violations of the Song-Beverly Act. Plaintiffs do not address Defendant's argument that Plaintiffs' Magnuson Moss claim is also barred because it could have been brought in the State Action. Instead, Plaintiffs request leave to amend to allege facts that have no bearing on the warranty claims alleged in the State Action or the FAC and to add five additional causes of action in conjunction with a Magnuson Moss claim.

For the following reasons, the Court finds the FAC is barred by the doctrine of res judicata and therefore recommends dismissal of the action without leave to amend.

### A. Defendant's Request for Judicial Notice

In conjunction with the motion, Defendant requests that the Court take judicial notice of four documents filed in the State Action: (1) the complaint filed by Plaintiffs on September 15, 2021; (2) notice of entry of judgment filed by Defendant in the State Action; (3) judgment entered on April 2, 2024 in the State Action; and (4) the order after hearing regarding dismissal, filed on March 12, 2024 in the State Action. (RJN at 1-2; Vanderhoof Decl. ¶¶ 4, 5, Exs. A, B.) Plaintiffs do not oppose—nor acknowledge—the request for judicial notice.

As a general rule, courts ordinarily consider only the complaint and documents attached thereto in deciding a motion to dismiss; however, the court may take judicial notice of matters of

1 public record, including court records.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record); Duckett v. Godinez, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take judicial notice of proceedings in other courts, whether in the federal or state systems.").  Accordingly, the Court recommends granting Defendant's request for judicial notice of the four state court filings.

### B.      Res Judicata

Defendant argues this case should be dismissed under the doctrine of res judicata because (1) the State Action and the instant action arise out of the same transactional nucleus of facts; (2) the State Action resulted in a final judgment on the merits; and (3) the parties in the State Action and the instant action are the same. (Mot. 5.)  However, Defendant applies federal law in arguing that Plaintiffs' claims are precluded by the April 2024 California state court decision.[1] Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state.  Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84 (1984).)  Because a California state court entered the first judgment in the first action, this Court must apply California law to determine the State Action's preclusive effect.

In California, a claim is barred by res judicata upon the showing of three elements: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009) (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App. 4th 1161 (2003)).  Unlike federal courts, California courts do not determine whether two suits involve the same cause of action by applying the "same transaction or occurrence" or "common nucleus of operative facts" test. Furnace v. Giurbino, 838 F.3d 1019, 1024 (9th Cir. 2016).  Rather,

---

[1] In its reply brief, Defendant commingles federal law and California law regarding res judicata, including recitations of rules under the primary rights doctrine. (See, e.g., ECF No. 15 at 5.)  Because Plaintiffs do not contest that the claims in the FAC should be dismissed, Plaintiff fails to address the appropriate standard.

1  California courts will hold that two suits involve the same cause of action when they involve the
2  same "primary right." Id. (citing Brodheim, 584 F.3d at 1268).

3  While Plaintiffs do not contest dismissal of their three claims under the Song Beverly Act
4  and raise no argument whether their Magnuson Moss claim is barred, the Court shall address
5  each element of res judicata under California law.

6      1.    <u>Same Cause of Action</u>

7  Defendant's application of federal law in the instant motion leads Defendant to
8  emphasize the factual similarities between this action and the State Action: "The facts involve
9  the *same* purchase transaction, *same* vehicle, *same* manufacturer, *same* warranties, *same* repair
10 attempts, *same* alleged defects, and *same* relief requested to undo the sale." (Reply 4 (emphasis
11 in original).)  California law, however, turns on whether the same primary right is at issue
12 between the two actions, not whether the same transactional nucleus of facts is present.

13 Under the primary rights doctrine, "[a] 'cause of action' is comprised of a 'primary right'
14 of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the
15 defendant constituting a breach of that duty.  The most salient characteristic of a primary right is
16 that it is indivisible: the violation of a single primary right gives rise to but a single cause of
17 action." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (2002) (quoting Crowley v.
18 Katleman, 8 Cal. 4th 666, 682 (1994)).  Relevant here, "different primary rights may be violated
19 by the same wrongful conduct." Id. (citing Branson v. Sun–Diamond Growers of Cal., 24 Cal.
20 App. 4th 327, 342 (1994)).  "What is critical to the analysis 'is the harm suffered; that the same
21 facts are involved in both suits is not conclusive.' " San Diego, 568 F.3d at
22 734 (quoting Agarwal v. Johnson, 603 P.2d 58, 72 (Cal. 1979)); Peterson v. State of California
23 Dep't of Corr. & Rehab., 451 F. Supp. 2d 1092, 1107 (E.D. Cal. 2006) ("A single cause of action
24 is based on the harm suffered, rather than the particular legal theory asserted or relief sought by
25 the plaintiff.").

26 In the complaint in the State Action, Plaintiffs alleged that "[e]xpress warranties
27 accompanied the sale of the Subject Vehicle to Plaintiffs by which [Defendant] undertook to
28 preserve or maintain the utility or performance of Plaintiffs' vehicle or to provide compensation

1 if there was a failure in such utility or performance." (ECF No. 7-2 at 7, ¶ 8.) In addition to
2 these warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that
3 the Subject Vehicle was merchantable. (Id. at 9, ¶ 32.) Plaintiffs further alleged that the Subject
4 Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty
5 including, but not limited to, engine, transmission, electrical, and structural system defects. (Id.
6 ¶¶ 9, 17.) Such defects and nonconformities to warranty manifested in the Subject Vehicle
7 within the applicable express warranty period (id. ¶ 21) and Defendant allegedly failed to remedy
8 the defects and conform the Subject Vehicle to the applicable express warranty (id. ¶ 23).

9 Although pleaded as three separate "causes of action," Plaintiff's Song Beverly claims set
10 forth a single cause of action for repair or replacement of the Subject Vehicle under three
11 theories of recovery stemming from Defendant's express and implied warranties. The primary
12 right at issue was Plaintiffs' right under Defendant's warranties to have the Subject Vehicle's
13 defects and nonconformities fixed; the primary duty was the one Defendant owed to Plaintiffs
14 under these warranties to fix the Subject Vehicle; and the wrongful act was Defendant's alleged
15 failure to do so. See, e.g., Pivoriunas v. BMW of N. Am., LLC, No. 18-CV-1159 W (WVG),
16 2019 WL 277389, at *2 (S.D. Cal. Jan. 22, 2019) (noting in a plaintiff's first action alleging
17 Song-Beverly claims that "the primary right at issue was [plaintiff's] right under the extended
18 warranty to have his vehicle's turbocharger fixed; the primary duty was the one BMW owed to
19 [plaintiff] under the extended warranty to fix the vehicle; and the wrongful act was BMW's
20 failure to do so").

21 In the FAC, Plaintiff alleges the same claims under Song Beverly but adds allegations
22 describing the applicable warranties that accompanied the sale of the Subject Vehicle. (See FAC
23 ¶ 4 ("Plaintiffs received various warranties, inter alia, a 3-years/36,000 miles express bumper to
24 bumper warranty and a 5-year/60,000 miles of limited powertrain warranty which, inter alia,
25 covers the engine and the transmission, as well as various emissions warranties….").) Plaintiffs
26 also allege details regarding seven inspections and repairs related to the Subject Vehicle's
27 engine, transmission, electrical, and structural system which were performed under the warranty.
28 (FAC ¶¶ 12-18.) Regarding Plaintiffs' Magnuson Moss claim, Plaintiffs allege that Defendant

"violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle." (FAC ¶ 77.)

The Court finds Plaintiffs' claims in the State Action and this action involve the same primary right: Plaintiffs' right under Defendant's express and implied warranties to have the Subject Vehicle's alleged defects fixed. Further, each of Plaintiffs' claims stem from the same harm: damages resulting from the defective Subject Vehicle and Defendant's failure to conform the vehicle to the warranties. Though the instant action also alleges a Magnuson Moss claim that was not brought in the State Action, such claim—as currently alleged—is predicated solely on the three Song-Beverly claims that Plaintiffs concede should be dismissed. Thus, Plaintiffs seek to remedy the same injury already litigated—and concededly subject to dismissal—through their fourth claim under Magnuson Moss. However, different theories of recovery are not separate primary rights. Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1032 (9th Cir. 2005); see also Crowley, 8 Cal. 4th at 682 (""[W]hen there is only one primary right an adverse judgment in the first suit is a bar even though the second suit is based on a different theory [citation] or seeks a different remedy [citation].").

The Court therefore finds the instant action brought under Song-Beverly and Magnuson Moss is another attempt to recover the same harm resulting from the allegedly defective Subject Vehicle and Defendant's alleged failure to conform the vehicle to the warranties. Accordingly, the Court finds the instant case involves the same cause of action as that in the State Action.

2. Final Judgment on the Merits

"A dismissal with prejudice is considered a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim." Kim v. Reins Int'l California, Inc., 9 Cal. 5th 73, 91 (2020).[2] The State Action thus has res judicata effect because it was dismissed with prejudice and judgment was entered against Plaintiffs and for Defendant.

---

[2] The State Action was dismissed with prejudice on the state court's own motion following an order to show cause regarding dismissal two and a half years after the state action was filed. (ECF No. 7-2 at 18; see also Mot. 3 (The State Action was litigated for more than two and half years before it was ordered dismissed with prejudice on March 11, 2024").) The Court notes that failing to prosecute a case will also result in res judicata. Bryant v. Wells Fargo, No. 1:16-CV-1628 AWI MJS, 2017 WL 6405815, at *2 (E.D. Cal. Dec. 15, 2017) (citing Bernstein v. Allstate Ins. Co., 119 Cal. App. 3d 449, 451 (1981) (applying res judicata, the court found "[a] dismissal for failure to obey a court's discovery orders has the effect of a judgment on the merits against a plaintiff")).

(Vanderhoof Decl. ¶¶ 4, 5; Exs. A, B.)  Accordingly, the Court finds Plaintiffs' State Action was resolved by a final judgment on the merits.

        c.       <u>Privity</u>

"[C]laim preclusion applies only to the relitigation of the same cause of action between the same parties or those in privity with them." <u>DKN Holdings LLC v. Faerber</u>, 61 Cal. 4th 813, 825 (2015).  The parties in this action—Plaintiffs Cruz and Lopez and Defendant Ford Motor Company—are the same parties as those in the State Action.  Accordingly, the Court finds the third element of res judicata is also met.

        d.       <u>Conclusion</u>

Plaintiffs do not dispute their Song Beverly claims should be dismissed with prejudice. Because such claims are clearly barred by res judicata under California law, the Court recommends dismissing Plaintiffs' first through third claims with prejudice.

Additional theories of recovery for the same primary right that could have been raised in state court are also precluded from being raised in a second action. See <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 324 (9th Cir. 1988) (noting "California's 'primary rights' theory does not mean that different causes of action are involved just because relief may be obtained under ... either of two legal theories.") (quotations omitted).  Plaintiffs' fourth claim in the FAC alleging violation of Magnuson Moss is predicated upon the Song Beverly claims.  The Magnuson Moss claim thus invokes the same primary right and seeks compensation for the same harm as that alleged in the State Action.  Plaintiffs could have raised the theory of violation of Magnuson Moss in the State Action.  The Court therefore finds Plaintiffs' Magnuson Moss claim, as currently pleaded, is part of the same cause of action as that brought by and against the same parties in the State Action, which resulted in a final judgment on the merits.

As all three elements of res judicata are met, the Court recommends finding the claims in the FAC be dismissed as being barred by the doctrine of res judicata.

    **C.**    **Leave to Amend**

In opposition to Defendant's motion to dismiss, Plaintiffs do not refute that the FAC should be dismissed as being barred by the doctrine of res judicata.  Instead, Plaintiffs offer new

1 allegations and request that the Court grant leave to amend to raise five new claims, including: (1) breach of express warranty under California Commercial Code § 2313(1)(a-b); (2) breach of implied warranty under California Commercial Code § 2314; (3) violations of the California Consumer Legal Remedies Act; (4) violations of the California Unfair Competition Law; and (5) common law unjust enrichment. (See Opp'n generally.) Plaintiffs contend they "aim to prosecute these additional claims, in conjunction with their claim under the Magnusson [*sic*] Moss Warranty Act." (Opp'n 2.) Plaintiffs assure the Court that additional extrinsic facts and evidence—which have "no bearing" on the warranty claims alleged under the Song-Beverly Act—exist and support Plaintiffs' proposed claims. (Opp'n 2.)

Plaintiffs' proposed claims are purportedly supported by factual allegations not contained in the FAC, including reliance on advertisements and the Monroney window sticker descriptions prior to purchasing the Subject Vehicle; Defendant's authorized representatives and technicians' purported fraudulent and unfair failure to disclose their inability to permanently repair safety defects under Defendant's warranties; and Defendant's issuance of recalls involving the Subject Vehicle in 2018 and 2024. (Opp'n 2-4.)

Defendant argues leave should not be granted because Plaintiffs' claims—whether under Song-Beverly, Magnuson-Moss, the Commercial Code, CLRA, or UCL—involve the same transactional nucleus of facts that was litigated in the State Action and are thus barred by res judicata. (Reply 1-2, 4.) Such argument, however, relies on the improper application of federal res judicata law to a judgment entered by a California state court. See 28 U.S.C. § 1738.

As Plaintiffs acknowledge in their opposition, the new claims and factual allegations are not properly before the Court. (See Opp'n 2 ("Plaintiffs recognize that this Court's determination of the instant Motion is limited to the four corners of the Plaintiffs' First Amended Complaint").) Plaintiffs may not use an opposition to raise or argue new allegations or claims not in the FAC. See, e.g., Minor v. Fedex Off. & Print Servs., Inc., 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016) (disregarding a plaintiff's newly raised claim and related allegations in his opposition because a plaintiff "may not use his opposition to raise and argue new allegations or claims not in the complaint."); Forrett v. Gourmet Nut, Inc., 634 F. Supp. 3d 761, 765 (N.D. Cal.

1  2022) (same); Clark v. Beard, No. 11-CV-03520-YGR (PR), 2015 WL 4452470, at *4 n.7 (N.D. Cal. July 20, 2015), aff'd in part, 715 F. App'x 776 (9th Cir. 2018) (refusing to consider a claim that was not previously raised in an amended complaint when deciding a dispositive motion). The Court declines to construe Plaintiffs' opposition as a procedurally and substantively deficient motion for leave to amend the complaint to add new allegations and claims which Plaintiffs aver have "no bearing" on those alleged in the FAC.  The Court therefore only considers whether to grant leave to amend the four claims alleged in the FAC.

As discussed above, the Court finds Plaintiffs' complaint barred by res judicata.  Where the court determines that claims raised in a complaint are barred by res judicata, any amendment will normally be futile.  Vahora, 2020 WL 1061470, at *4.  Because Plaintiffs concede their Song Beverly claims should be dismissed and the Court finds such claims are barred, the Court recommends dismissing Plaintiffs' first through third claims without leave to amend.

Plaintiffs do not proffer any proposed amendment to their sole remaining claim pleaded in the FAC alleging violation of Magnuson Moss, which generally must be alleged alongside state warranty claims.  See Nguyen v. Nissan N. Am., Inc., 932 F.3d 811, 817 n.3 (9th Cir. 2019) (quoting Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986) ("[E]xcept in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the Act calls for the application of state written and implied warranty law, not the creation of additional federal law.")).  Instead, Plaintiffs appear to request leave to amend to re-allege an identical Magnuson Moss claim but apply it to new provisions of state warranty claims.

Although the new claims are not properly before the Court, the Court notes that "if two actions involve the same injury to the plaintiff and the same wrong by the defendant then *the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery*, seeks different forms of relief and/or adds new facts supporting recovery." San Diego, 568 F.3d at 734 (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983)) (emphasis added); see also Vahora, 2020 WL 1061470, at *4 (finding the same primary right was asserted "regardless of whether the source of the obligations is contractual in one action and statutory in the other"); Alpha Mech., Heating & Air Conditioning, Inc. v. Travelers Casualty &

Surety Co. of Am., 133 Cal. App. 4th 1319, 1332 (2005) (finding an "attempt to distinguish...primary rights as sounding in tort or contract is irrelevant," given that both proceedings involved the same primary right, "the right to competent performance"; primary duty "to competently perform"; and same wrong for "negligent or wrongful performance").

Plaintiffs proffer that the source of obligations under the warranties in the State Action and the FAC are "statutorily premised, meaning that they do not arise out of the September 30, 2018, contract between Plaintiffs and [the dealership]." (Opp'n 4.) To the extent the proposed state law warranty claims, which are improperly raised in the opposition, propose that Defendant breached Plaintiffs' right to have the Subject Vehicle's alleged defects fixed under the warranties alleged in the Song-Beverly claims, Plaintiffs' statutory versus contractual distinction is inconsequential. Plaintiffs are barred from alleging different theories asserting the same primary rights that could have been raised in the State Action. See Mycogen, 28 Cal. 4th at 897 (noting that under res judicata, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date"); Weikel v. TCW Realty Fund II Holding Co., 55 Cal. App. 4th 1234, 1245 (1997) ("Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief.") The Court thus finds amendment to re-allege the same Magnuson Moss claim would be futile. See U.S. ex rel. Insoon Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (noting "[f]utility of amendment can, by itself, justify the denial of ... leave to amend").

Accordingly, the Court finds the FAC is barred by the doctrine of res judicata and therefore recommends that Defendant's motion to dismiss be granted without leave to amend.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**V.**

**RECOMMENDATION AND ORDER**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant's request for judicial notice be GRANTED; and

2. Defendant's motion to dismiss Plaintiffs' first amended complaint be GRANTED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, the parties may file written objections to the findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

IT IS SO ORDERED.

Dated: **August 7, 2024**

UNITED STATES MAGISTRATE JUDGE